United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Francine Radtka and others,<br>Plaintiffs,<br><br>v.<br><br>Wal-Mart Stores, Inc., Defendant. | )<br>)<br>)<br>) Civil Action No. 19-80153-Civ-Scola<br>)<br>) |

**Order Granting Motion To Sever and Directing Clerk to Take Action**

This matter is before the Court on Defendant Wal-Mart Stores' Motion to Sever (ECF No. 15). The Plaintiffs responded (ECF No. 24) and Wal-Mart timely replied (ECF No. 27). The Defendant's motion requests that the Court sever the 34 individual Plaintiffs and their claims into separate actions. Having considered the record, the applicable law, and being otherwise duly advised, the Court **grants** the Defendant's motion. (**ECF No. 15.**)

### I. Legal Standard

Rule 21 provides that "the court may at any time, on just terms, add or drop a party," and "[t]he court may also sever any claim against a party." Fed. R. Civ. P. 21. Although severance is generally "related to the misjoinder of parties, it is not so limited." *Essex Ins. Co. v. Kart Const. Inc.*, 14-cv-356-T-23TGW, 2015 WL 628782, at *5 (M.D. Fla. Feb. 12, 2015). "A district court has broad discretion when deciding whether to sever claims under Rule 21 and may consider factors such as judicial economy, case management, prejudice to parties, and fundamental fairness." *Id.* District courts consider several factors including, whether the claims arise out of the same transaction or occurrence, whether the claims present different issues of fact or law, whether the settlement of claims or judicial economy would be facilitated, whether prejudice would be avoided if severance were granted, and whether different witnesses and documentary proof would be required. *Id.*

### II. Analysis

In the instant case, which is not a putative class action, 34 Plaintiffs, who each worked at various Wal-Mart stores, during different time periods, under different policies and supervisors, have filed a complaint against Wal-Mart for

gender-based discriminatory employment practices.[1] (ECF No. 1.) Notably, none of the counts in the complaint are tailored to individual Plaintiffs or sub-sets of Plaintiffs. Instead, Plaintiffs each identify themselves by listing which years they worked for Wal-Mart and at which store they worked. (*See id.* at ¶¶ 18-52.) The Plaintiffs later provide a brief summary of the alleged discriminatory practices that they claim affected them, usually, but not always, concluding with something along the lines of: "Upon information and belief, [the Plaintiff] believes she was paid less than other similarly situated men during her employment within Region [X]." (*E.g.*, *id.* at ¶¶ 139, 143, 149, 155, etc.) Some Plaintiffs include as few as three brief sentences of allegations, while others provide a full page of details. (*Id.* at ¶¶ 132-322.) The allegations include hourly pay discrimination, promotion discrimination, management pay discrimination, discriminatory stereotypes, and Wal-Mart's ineffective anti-discrimination efforts. Some of the policies that created these conditions existed before 2004 and others were implemented afterwards. The Plaintiffs each worked at different stores, in different positions, during different time periods, under different policies, and under different supervisors.

The Defendant moves for severance arguing that the Plaintiffs' claims are "so individualized that they necessarily implicate different witnesses whose testimony relates only to their unique claims." (ECF No. 15 at 5.) The Plaintiffs worked in "56 different stores in 6 states" throughout the country. (*Id.*) Proceeding with this case in its current form would be burdensome for the Court and the Defendant. In response, the Plaintiffs argue that joinder is appropriate because the Plaintiffs' claims arise out of common transactions or occurrences and share common questions of law or fact. (ECF No. 24 at 6–8.) The Court disagrees with the Plaintiffs.

"None of these claims arise out of the same transaction or occurrence. Each Plaintiff alleges a [slightly] different form of discrimination resulting from different actions by different actors over different time periods." *Edwards-Bennet v. H. Lee Moffitt Cancer and Research Institute, Inc.*, No. 13-cv-00853-T-27TGW, 2013 WL 3197041, at *1 (M.D. Fla. June 21, 2013) (granting motion to sever). The Plaintiffs point out that their discrimination is a result of Wal-Mart's company wide policies, not individual decision-making. However, the Plaintiffs concede that the "managers throughout the regions were permitted to arbitrarily set workers' compensation." (ECF No. 24 at 6.) For a group of claims to arise out of the same transaction or occurrence, the claims must "share operative facts."

---

[1] Another group of 45 Plaintiffs filed a similar lawsuit on the same day styled *Price et al. v. Wal-Mart Stores, Inc.,* Case No. 19-cv-80152-RNS. Contemporaneously with this Order, the Court is also granting Wal-Mart's motion to sever in the *Price* case.

*Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016). Here, there is no common policy, practice, or set of facts that applied to every Plaintiff. While it is true that all Plaintiffs share the same cause of action, gender discrimination in violation of Title VII, "similar issues of liability alone are not sufficient to warrant joinder." *Id.*

In *Bozek v. Wal-Mart Stores, Inc.*, an Illinois district court severed a similar lawsuit filed by *three* plaintiffs against Wal-Mart. No. 15-cv-10, 2015 WL 3818984, at *3 (N.D. Ill. June 17, 2015). As is the case here, the *Bozek* plaintiffs' allegations "d[id] not establish a company-wide policy of discrimination or that their accused supervisors acted in concert with each other. Rather . . . they have alleged different time periods, different supervisors, and different adverse actions." *Id.* Accordingly, the Court finds that severance is warranted.

### III.   Conclusion

The Court **grants** Wal-Mart's motion to sever. (**ECF No. 15**.) Each Plaintiff is hereby **severed** from this action without prejudice to the Plaintiffs' rights to pursue their claims on an individual basis. All pending motions are **denied** as **moot**.

Without charging a filing fee, the Clerk is **directed** to open and **assign to the Undersigned** thirty-four new civil cases bearing the style of [INDIVIDUAL PLAINTIFF'S NAME] vs. Wal-Mart Stores, Inc. The individual Plaintiffs in each action shall be as follows:

1. Gretchen Adams
2. Valerie Blackshear
3. Yolanda Borras
4. Catherine Busalacchi
5. Teresa Evans Cluff
6. Tonya Colson
7. Jamie Estevez
8. Maggie Gibbs
9. Kathleen Gravedoni
10. Jane Hatten
11. Catherine Hern
12. Jenny Hicks
13. Sherry Hue
14. Catherine Jacobson
15. Diane Johnson
16. Melissa Koferl
17. Anne Mantello

18. Vanessa McKever
19. Linda Medlin
20. Korby Miller
21. Betty Moore
22. Ann Mowrey
23. Laura Parsons
24. Tina Powell
25. Francine Radtka
26. Teresa Rainey
27. Kimberly P. Roberts
28. Lisa Rohdy
29. Cynthia Simmons
30. Kimberly Sparks
31. Rhonda Waters
32. Pamela Williams
33. Tanisha Williams
34. Lisa Youman

The Clerk is further **directed** to file the Plaintiffs' Complaint (ECF No. 1) as the first docket entry in each new civil case.

The Plaintiffs who would like to pursue their claims on an individual basis shall follow the below schedule when filing their respective Amended Complaints.

a. Those Plaintiffs whose surnames begin with the letters **A, B, and C** shall have until and including **July 31, 2019** to file an Amended Complaint in each of their individual actions.
b. Those Plaintiffs whose surnames begin with letters **D, E, F, G, and H** shall have until and including **August 14, 2019** to file an Amended Complaint in each of their individual actions.
c. Those Plaintiffs whose surnames begin with letters **I, J, K, L, M, and N** shall have until and including **August 28, 2019** to file an Amended Complaint in each of their individual actions.
d. Those Plaintiffs whose surnames begin with letters **O, P, Q, R, and S** shall have until and including **September 11, 2019** to file an Amended Complaint in each of their individual actions.
e. Those Plaintiffs whose surnames begin with letters **T, U, V, W, X, Y, and Z** shall have until and including **September 25, 2019** to file an Amended Complaint in each of their individual actions.

Failure to timely file the individual amended complaints in accordance with this Order will result in the dismissal of the respective individual actions. Wal-Mart

is deemed to have been validly served with respect to all of the Plaintiffs listed above.

The Clerk is directed to **close** this case.

**Done and ordered** at Miami, Florida, on July 12, 2019.

Robert N. Scola, Jr.
United States District Judge